UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER AUTHIER,<br><br>  Plaintiff,<br><br>v.<br><br>LEAGUE, CORP.,<br><br>  Defendant. | Civil Action No.: 1:26-cv-10122 |

NOTICE OF REMOVAL

Defendant League Corp. ("League") hereby gives notice of the removal of the above-captioned matter from the Massachusetts Essex County Superior Court to the United States District Court for the District of Massachusetts. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. As grounds for removal, League states as follows.[1]

### I. INTRODUCTION

1. This action is being removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) and (b).

2. On December 18, 2025, Plaintiff Christopher Authier ("Plaintiff") commenced an action in the Essex County Superior Court styled as *Christopher Authier v. League, Corp.* and assigned Civil Action No. 2577CV01391 (the "State Court Action").

---

[1] A removing defendant is only required to provide a "short and plain statement" of the basis for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

3.  In his Complaint, Plaintiff alleges that League purportedly failed to pay him commissions he was owed under various "sales bonus" programs in a timely manner, purportedly failed to provide his final payment on the date of his termination, purportedly retaliated against him for raising complaints about the unpaid commissions, and purportedly wrongfully terminated his employment in breach of contract and the covenant of good faith and fair dealing.  League vigorously disputes these four causes of action and notes that Plaintiff was properly terminated for cause on December 17, 2025 due to his violation of contractual obligations owed to League as an employee.

## II.   BASIS FOR REMOVAL

4.  <u>Venue</u>.  Venue is proper in this Court because the action is being removed from the Essex County Superior Court, which lies within the District of Massachusetts.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

5.  <u>Copies of Process/Pleadings</u>.  Pursuant to 28 U.S.C. § 1446(a), a true and complete copy of all pleadings, orders, and other papers or exhibits served on League in the State Court Action are attached hereto as **Exhibit A**.

6.  <u>Timeliness</u>.  League was served with a copy of Plaintiff's Summons and Complaint on December 23, 2025.  Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

7.  <u>Notification to State Court and Adverse Parties</u>.  Written notice of the filing of this Notice of Removal has been provided to Plaintiff, and a copy of the Notice of Removal will be filed promptly with the Clerk of the Essex County Superior Court.

8.  <u>Certified Copies</u>.  Pursuant to Local Rule 81.1, certified or attested-to copies of all records and proceedings, as well as all docket entries in the State Court Action, will be filed with this Court within 28 days.

9.  <u>Reservation of Rights</u>.  By filing this Notice of Removal, League does not waive any objections or other defenses that are or may be available to it and specifically reserves the right to assert any and all defenses or objections to which it may be entitled.  To be clear, League denies any liability to Plaintiff, including in connection with the contemplated claims, and files this Notice of Removal to federal court without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.

10.  <u>Basis for Removal</u>.  Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."  This action is also one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it satisfies the requirements of 28 U.S.C. § 1332(a)(1).

### III.   DIVERSITY OF CITIZENSHIP

11.  As alleged in the Complaint, Plaintiff is a resident of Newburyport, Massachusetts. *See* Compl. ¶ 1. Plaintiff is therefore a citizen of the Commonwealth of Massachusetts for diversity purposes.

12.  Defendant is a Delaware corporation with a principal place of business in Chicago, Illinois. During the term of Plaintiff's employment, League maintained an office in Chicago, Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is therefore a citizen of the States of Delaware and Illinois for diversity purposes.

13. Consequently, there is complete diversity of citizenship between Plaintiff and League because the parties are not citizens of the same state, thereby satisfying the requirements under 28 U.S.C. § 1332(a)(1).

### IV.  MATTER IN CONTROVERSY

14. According to the Civil Action Cover Sheet appended to the Complaint, Plaintiff seeks damages in the amount of at least $300,000.00.

15. When determining the amount on controversy, a civil action cover sheet may be considered in determining the amount in controversy. *See Salvail v. Relocation Advisors, Inc.*, No. CIV. A. 11-10500-RGS, 2011 WL 1883861, at *1 n.1 (D. Mass. May 17, 2011) (citing the civil action cover sheet, the court found the amount in controversy exceeded $75,000). As such, the total damages Plaintiff seeks exceed the jurisdictional amount in controversy requirement set forth under 28 U.S.C. § 1332(a).

### V.  CONCLUSION

WHEREFORE, League removes this action from the Massachusetts Essex County Superior Court to the United States District Court for the District of Massachusetts.

Dated: January 12, 2026

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Jack S. Gearan*
Jack S. Gearan (BBO No. 668372)
Diana A. Balluku (BBO No. 698128)
Colin W. B. Kennedy (BBO No. 711290)
GREENBERG TRAURIG LLP
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
gearanj@gtlaw.com
diana.balluku@gtlaw.com
colin.kennedy@gtlaw.com

**CERTIFICATE OF SERVICE**

      I, Colin W.B. Kennedy, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served on all those non-registered participants by mail on January 12, 2026.

                                                    */s/ Colin W. B. Kennedy*
                                                  Colin W. B. Kennedy